## Genet *vs.* Beekman and others.

A testator, by his will gave his household furniture, watches, plate, books, &c. to his two sons, S. and G., to be equally divided between them. He also gave and bequeathed to them the sum of $20,000, to be equally divided between them. Subsequently, by a codicil, the testator, instead of the said devise and bequest to G., to and for his own use absolutely, gave, devised and bequeathed that portion of his estate mentioned in his will as the share intended to be given to G., to H. and B., two of his executors, *in trust* " to receive the rents, issues and profits, and interest thereof, from time to time, and after payment of the necessary charges and expenses, to apply the same towards the support and maintenance of the said G. and in such a way as to be forever clear and discharged of and from all debts now by him owing or hereafter to be contracted, and from all assignments, mortgages or incumbrances thereof by him to be made" during his life. " And in further trust from and immediately after the death of the said G. to convey and distribute the said portion of my estate to and among his widow and issue, if any, in equal proportion, share and share alike; and if there should be no widow or issue then living, then in trust to convey and distribute the same to and among my heirs and next of kin. And it shall and may be lawful for the said trustees, and the survivor of them, at any time during the life of the said G. to grant, bargain, sell and dispose of the portion of my estate, or any part thereof, so devised to them in trust, at public or private sale, &c., and to re-invest the proceeds thereof, and to change the investment, from time to time; the rents, issues, profits and interest thereof to be applied as aforesaid," &c.

*Held* that the testator intended, by the codicil, to devise to the trustees the whole share or portion of his estate given by the will directly to G., as well the $10,000 legacy, as his share of the household furniture, plate, &c., and of the residuary estate.

And that it would be inconsistent with the principal apparent object of the testator in making the codicil, to give the words employed therein a construction which would confine the devise in trust to G.'s share of the residuary estate, and leave the $10,000 to be seized for his debts. Ingraham, J., dissented.

APPEAL from a judgment entered at a special term, in favor of the plaintiff upon a demurrer to the complaint. The complaint alleged that on the 24th of May, 1856, T. H. Rodman, receiver &c., recovered a judgment in this court for $1663.17, against the defendant Gerard R. Beekman; that an execution was subsequently issued on such judgment, to the proper county, and was returned by the sheriff unsatisfied;

that the whole amount of said judgment was still due and unpaid ; and that such judgment had been duly assigned to the plaintiff. That said Gerard R. Beekman was a son of Stephen D. Beekman deceased, who died on the 30th of October, 1856, having first duly made and published his last will and testament, bearing date on the 24th day of June, 1856 ; and having also made a certain codicil to said will, which codicil bore date on the 29th day of October, 1856, and was attached to said will, and which said will and codicil were admitted to probate by the surrogate of the county of Westchester, on the 24th day of November, 1856. That the fourth bequest of said will was in the words and figures following, to wit : " *Fourthly,* I give and bequeath all and singular my household goods and furniture, watches, plate, books, family stores to my two sons, Stephen Frederick and Gerard Rhodolphus, to be divided between them in equal shares ; and in case my said sons cannot agree upon a division thereof, or any part thereof, it is my desire that such division, so far as my said sons cannot agree in relation thereto, be made by my executors in such manner as my said executors may deem just. And I hereby authorize my said executors to make such division accordingly, and likewise in their discretion to sell any part thereof in respect whereof my said sons cannot agree as aforesaid and divide the proceeds between them according to their respective interests therein. And I do also give and bequeath to my said two sons the sum of twenty thousand dollars, to be divided equally between them, that is to say, the sum of ten thousand dollars to each of them respectively." And that said codicil was in the words and figures following, to wit : " Whereas, I, Stephen D. Beekman, of Beekmantown, in the town of Mount Pleasant, in the county of Westchester and state of New York, have heretofore made my last will and testament in writing, bearing date the 24th day of June, in the year of our Lord 1856, in and by which I have devised and bequeathed unto Gerard Rhodolphus Beekman, one of my sons, a certain portion of my estate, real and personal, therein mentioned and de-

scribed : now, therefore, I do by this my writing, which I hereby declare to be a codicil to my said last will and testament and to be taken as a part thereof, order and declare that my will is, that instead of such devise and bequest to him, my said son Gerard Rhodolphus, to and for his own use absolutely, I give, devise and bequeath all that certain portion of my estate, real and personal, mentioned and described in my said last will and testament as the share of my estate intended thereby to be devised and bequeathed to my said son Gerard Rhodolphus Beekman, to William Hibbard and Nathaniel Bayles, two of the executors of my said last will and testament therein, herein and hereby nominated and appointed, and the survivor of them and their heirs, executors, administrators and assigns forever: In trust nevertheless, and to and for the following uses and purposes, that is to say : To receive the rents, issues and profits, and interest thereof from time to time, and after the payment of necessary charges and expenses, to apply the same towards the support and maintenance of the said Gerard Rhodolphus Beekman, and in such a way as to be forever clear and discharged of and from all debts now by him owing or hereafter to be contracted, and from all assignments, mortgages or incumbrances thereof by him to be made for and during the term of his natural life. And in further trust from and immediately after the death of the said Gerard Rhodolphus to convey and distribute the said portion of my estate to and among his widow and issue, if any such there should be him surviving, or the survivors or survivor of them, in equal proportions, share and share alike ; and if there should be no widow or issue then living, then in trust to convey and distribute the same to and among my heirs or next of kin. And it shall and may be lawful for the said trustees and the survivor of them at any time during the life of said Gerard Rhodolphus, to grant, bargain, sell and dispose of the portion of my estate, or any part thereof, so devised to them in trust as aforesaid, at public or private sale, at such time or times, and upon such terms and in such manner as to them shall seem

meet, and to re-invest the proceeds thereof, and to change from time to time the investment thereof as to them shall seem meet, the rents, issues, profits and interest thereof to be applied as aforesaid; but the consent in writing of the said Gerard Rhodolphus shall be necessary for any such grant, bargain, sale, re-investment or change of investment."

The plaintiff alleged that he was still the lawful owner and holder of said judgment, and that he had applied to said Beekman and said defendants, the executors in the will and codicil named, to apply the household furniture, &c., and the said legacy of $10,000 in the fourth clause of said will contained, towards the payment of the plaintiff's claim, but that they refused the said request. The plaintiff demanded judgment, and that it might be adjudged and decreed that said legacy of the household furniture, plate, &c. and $10,000 in money, was a good and subsisting legacy to said Beekman, and that he is entitled to receive the same; and that the said legacy and legacies contained in said fourth clause of said will were not in any manner affected by said codicil. And that the same has no reference thereto, but applies solely to other devises, in other portions and clauses of the will, to said Beekman; and that a receiver might be appointed, and that the defendants might be directed and adjudged to pay over to him the said sum of $10,000, and the said Beekman's share of said furniture, &c., and all other property mentioned in said fourth clause of the will belonging to said defendant Beekman. And that the amount due to said plaintiff upon said judgment, with interest, might be first paid to him by said receiver out of said $10,000, and other property that he might receive, &c. And that in the meantime the defendants, the executors, might be restrained and enjoined by the order of this court, from paying over to said Beekman the said legacy, or any part thereof, or delivering him said furniture, &c. or otherwise parting with the same; and for general relief.

To this complaint the executors demurred, on the ground that it did not state facts sufficient to constitute a cause of

action. The defendant Beekman demurred on the same ground, and also because of a defect of parties.

The justice before whom the demurrers were argued, at special term, held that the codicil only applied to the share of the *residuary estate* given to the defendant Beekman. He therefore ordered judgment for the plaintiff, on the demurrers, with leave to the defendants to answer, on payment of costs.

*E. J. Genet,* for the plaintiff.

*H. L. Clinton,* for the defendants.

SUTHERLAND, J. I think the learned judge at special term attached too limited a meaning to the words " share of my estate, &c." as used in the codicil of the will. I think the testator intended by the codicil to devise to the trustees the whole share or portion of his estate given by the will directly to his son Gerard, as well the $10,000 legacy, as his share of the plate, household goods, &c. and of the residuary estate.

The value of the residuary estate is not alleged in the complaint. It is not even alleged in the complaint that there was any residuary estate. The principal object in making the codicil appears to have been to place the testator's son Gerard's share of his estate in the hands of trustees, so that the rents, issues and profits thereof could be applied to his support and maintenance, free and clear of *any debts* " *then by him owing or thereafter to be contracted,*" &c. The words of the codicil, " I give, devise and bequeath all that certain portion of my estate, real and personal, mentioned and described in my said last will and testament, as the share of my estate intended thereby to be devised and bequeathed to my son Gerard," &c. are certainly broad enough to carry the $10,000 legacy &c., as well as the share of the residuary estate; and it would seem to be inconsistent with the principal apparent object of the testator in making the codicil at all, to give those words a construction which would leave the $10,000 to be seized for his son's debts.

It does not appear that the sum of $20,000, given by the will to the two sons, to be divided equally between them, was a particular fund set apart for them, but that it was to come out of the bulk of the estate.

The intention of the testator by his codicil should be carried out, so far as the law will permit it to be carried out.

The judgment of the special term for the plaintiff on the demurrer should be reversed, and the defendants have judgment on the demurrer with costs.

DAVIES, P. J., concurred.

INGRAHAM, J. I retain the opinion expressed by me at special term, and dissent from the conclusions at which my brethren have arrived.

Judgment reversed.

[NEW YORK GENERAL TERM, May 3, 1858. *Davies, Sutherland* and *Ingraham,* Justices.]